**IN THE COURT OF APPEALS OF IOWA**

No. 14-1546
Filed February 11, 2015

**IN THE INTEREST OF W.C. and E.C.,**
**Minor Children,**

**L.C., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.


The mother appeals the termination of her parental rights to two children.

**AFFIRMED.**


Justin Deppe of Deppe Law Office, Jewell, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

County Attorney, and Patrick Chambers, County Attorney, for appellee.

Justin Kroona of Kroona Law Office, Webster City, for father.

Douglas Cook, Jewell, attorney and guardian ad litem for minor children.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Laura appeals the juvenile court's order terminating her parental rights to her children, W.C. and E.C., pursuant to Iowa Code 232.116(1)(f) (2013). On appeal, Laura contends there is not clear and convincing evidence "the child[ren] cannot be returned to the custody of the child's parents as provided in section 232.102." Iowa Code § 232.116(1)(f)(4). She also contends the termination of her parental rights is not in the children's best interests. We disagree, and we affirm the order terminating Laura's parental rights.

Our review in this case is de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The juvenile court's findings of fact and conclusions of law are thorough, supported by record evidence, and without error, and we adopt them as our own without repeating them in full herein. In sum, the mother has five children all of whom she has subjected to or is subjecting to harm. Laura previously consented to the termination of her parental rights to her two oldest children. The two middle children—the children at issue in this case—have been subjected to harm, including emotional, physical, and sexual abuse. They both suffer from a variety of mental conditions: one child has been placed in a children's psychiatric hospital; the other child has been hospitalized in a psychiatric unit. At the time of the termination hearing, the mother was not able to assume care of the children because she was cohabiting with her paramour, the father of the fifth and youngest child, who sexually abused a young female relative, which the mother refuses to believe. In addition to the emotional, physical, and sexual abuse, the children have been subjected to constant turmoil

and instability, including the mother's erratic behavior, frequent changes of address, and abandonment on more than one occasion when the mother simply left them in the care of others.

The State has proved by clear and convincing evidence that the mother's parental rights should be terminated pursuant to section 232.116(1)(f) and that termination of the mother's rights is in the best interest of the children. *See, e.g.*, *In re C.A.*, No. 13-1987, 2014 WL 1234470, at *3 (Iowa Ct. App. Mar. 26, 2014) (affirming termination or rights where mother continued to reside with paramour who sexually abused child and citing cases). The juvenile court's order is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**